TAMARA BREWINGTON, SPECIAL ADMINISTRATOR OF THE ESTATE
OF ELIZABETH JEAN BREWINGTON, DECEASED, APPELLANT, V.
DWIGHT RICKARD, APPELLEE.

457 N.W.2d 814

Filed July 20, 1990.    No. 88-668.

James G. Egley, of Moyer, Moyer, Egley, Fullner &
Warnemunde, for appellant.

Thomas J. Shomaker, of Sodoro, Daly & Sodoro, for
appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN,
GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

This is an appeal from a judgment of the district court for
Platte County that the court did not have jurisdiction over the
matter, and thus it dismissed plaintiff's petition. In her petition,
plaintiff alleged that the defendant-appellee, Dwight Rickard, a
physician, was negligent in furnishing medical services which
resulted in the death of a child 9 days after labor and delivery.

At issue is the timeliness of notice sent to the director of the
Department of Insurance of the State of Nebraska after the
filing of a petition in the district court.

Neb. Rev. Stat. § 44-2840(4) (Reissue 1988) provides:

The claimant may affirmatively waive his or her right to
a panel review, and in such case the claimant may proceed
to file his or her action directly in court. If the claimant
waives the panel review, the claimant shall serve a copy of

the petition or complaint upon the director personally or by registered or certified mail at the time the action is filed in court.

The defendant complains that the plaintiff failed to execute a waiver of the medical panel. Noting that the above statute does not provide for a specific method of waiver, we find that the filing of the plaintiff's action in the district court is in itself a sufficient waiver of the panel review.

The suit was filed on November 2, 1987, and a copy of the petition was served on the director on January 14, 1988. Subsequent to the filing of the appeal in this case and the filing of briefs by the parties, this court released its opinion in *Ourada v. Cochran*, 234 Neb. 63, 449 N.W.2d 211 (1989).

In *Ourada*, we held that "the provision which requires that a copy of the petition be sent to the Department of Insurance neither confers nor denies jurisdiction of the court." 234 Neb. at 65, 449 N.W.2d at 213. Specifically, in that case this court held that the department's receipt of the petition within 5 days after it was filed with the court sufficiently effectuated the purpose of giving the department notice of a claim which might affect the Excess Liability Fund.

The purpose of the Excess Liability Fund is to provide coverage when the basic coverage of the health care providers has been exhausted. See Neb. Rev. Stat. § 44-2833 (Reissue 1988). A showing of prejudice to the fund would evidence a failure to give timely notice under § 44-2840(4). It would properly be the duty of the caretaker of the fund, i.e., the director of the Department of Insurance or the risk manager, if one has been appointed, to assert that prejudice, and thus to limit recovery of a judgment creditor to the limits of the primary coverage.

No prejudice has been alleged or shown, and the district court's dismissal of the plaintiff's timely filed petition was not proper. Therefore, we must reverse and remand for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.